IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:_____

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | COMPLAINT |
| Plaintiff, | ) ) ) ) | JURY TRIAL DEMANDED |
| vs. | ) ) ) | |
| TAMPA BAY DELIVERY SERVICE, LLC | ) ) ) ) | |
| Defendant. | ) ) ) ) | |
| _____ | ) | |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION'S COMPLAINT AND
DEMAND FOR JURY TRIAL
[INJUNCTIVE RELIEF REQUESTED]**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to the Charging Party Isavion Howard, a Christian, who was who was adversely affected by such practices. Plaintiff the United States Equal Employment Opportunity Commission alleges that Defendant, Tampa Bay Delivery Service, LLC

("TBDS"), discriminated against Mr. Howard by terminating him because he could not work on Sundays due to his religious beliefs.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3.      The EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4.      At all relevant times, TBDS has continuously been a corporation doing business in the State of Florida and has continuously had at least fifteen (15) employees.

5.     At all relevant times, TBDS has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-l(b), (g) and (h).

## ADMINISTRATIVE PROCEEDINGS

6.     More than thirty days prior to the institution of this lawsuit, Mr. Howard filed a charge with the EEOC alleging that TBDS violated Title VII by discriminating against him on the basis of his religion.

7.     Prior to the institution of this lawsuit, the EEOC issued a Letter of Determination to TBDS finding reasonable cause to believe that Title VII was violated when TBDS terminated Mr. Howard due to his religion.  The Letter of Determination invited TBDS to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.     Prior to the institution of this lawsuit, the EEOC issued to Defendant a Notice of Failure of Conciliation advising TBDS that the EEOC was unable to secure from TBDS a conciliation agreement acceptable to the EEOC.

9.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10.     During the relevant time period, Mr. Howard practiced Christianity and, as part of his religion, attended church on Sundays.

11.     TBDS is a delivery service provider for Amazon.com in the Tampa Bay region. TBDS's principal address is in Dunedin, Florida.

12.     Mr. Howard applied and interviewed for a delivery driver position with TBDS in or around May 2019. During his interview, Mr. Howard notified TBDS that he would not be able to work on Sundays due to his religion.

13.     TBDS hired Mr. Howard on or around May 12, 2019.

14.     TBDS's owner said that Mr. Howard could have Sundays off to attend church if Mr. Howard worked on Saturdays. Mr. Howard agreed to work on Saturdays.

15.     TBDS scheduled Mr. Howard to work on Sunday, September 8, 2019.

16.     Mr. Howard notified TBDS that he would not be able to work on Sunday, September 8, 2019, due to his religion.

17.     Mr. Howard did not show up for work on Sunday, September 8, 2019, and instead attended church.

18.     Several other delivery drivers were given the day off on Sunday, September 8, 2019.

4

19.     That day, TBDS notified Mr. Howard that he was terminated for violation of attendance standards.

20.     As a result of TBDS's terminating him, Mr. Howard was harmed and suffered damages.

## STATEMENT OF CLAIMS

21.     As set forth in paragraphs 10-20, TBDS engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Mr. Howard's employment because of his religion.

22.     The effect of the practices complained of in paragraphs 10-20 above has been to deprive Mr. Howard of equal employment opportunities and otherwise adversely affect his status as a delivery driver because of his religion.

23.     The unlawful practices complained of in paragraphs 10-20 were intentional and caused Mr. Howard to suffer emotional distress including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and/or physical damages.

24.     The unlawful practices complained of in paragraphs 10-20 were done with malice or with reckless indifference to the federally protected rights of Mr. Howard.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining TBDS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making employment decisions (including hiring, firing, and promoting) based on religion;

B.     Order TBDS to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees with sincerely held religious beliefs and which eradicate the effects of its past and present unlawful employment practices;

C.     Order TBDS to institute a training program for all managers and supervisors to ensure compliance with federal laws and company policies on nondiscrimination;

D.     Order TBDS to make whole Mr. Howard by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of the unlawful employment practices including, but not limited to, reinstatement of Mr. Howard or front pay in lieu thereof;

E.     Order Defendant to make whole Mr. Howard by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above including, but not limited to, job search

expenses, medical-related expenses, and other out-of-pocket losses in amounts to be determined at trial.

F.      Order Defendant to make whole Mr. Howard by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G.      Order Defendant to pay Mr. Howard punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 29, 2021

                          Respectfully Submitted,

                          GWENDOLYN YOUNG REAMS
                          Acting General Counsel
                          U.S. Equal Employment
                          Opportunity Commission
                          131 M Street, N.E.

Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No: 285676
Email: robert.weisberg@eeoc.gov

KRISTEN FOSLID
Supervisory Trial Attorney
Florida Bar No: 0688681
Email: kristen.foslid@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

*s/Chelsae Johansen Ford*
CHELSAE JOHANSEN FORD
Trial Attorney
Florida Bar No. 106029
Email: Chelsae.Ford@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Tampa Field Office
501 E. Polk Street, Suite 1000
Tampa, FL 33602
Tel: 813.710.9346